THE CITY OF STERLING

v.

LUCY A. MERRILL.

*Municipal Corporations—Defective Sidewalk—Personal Injuries.—Evidence—Instructions—New Trial—Newly Discovered Evidence.*

In an action against a municipal corporation to recover damages for personal injuries caused by a defective sidewalk, it is *held:* That the evidence sustains the verdict for the plaintiff; that it was not error to refuse an instruction which was in substance a mere repetition of others given; that certain other instructions asked were properly refused; that the plaintiff was not bound to show that the city had actual notice of the defect in the walk; and that the newly discovered evidence, being merely cumulative and not conclusive, was not sufficient ground for a new trial.

[Opinion filed January 7, 1888.]

APPEAL from the Circuit Court of Whiteside County; the Hon. WILLIAM BROWN, Judge, presiding.

This was case, to recover damages for personal injuries alleged to have been occasioned by a defective sidewalk on the east side of B Street, between Third and Fourth Streets, in the City of Sterling. The defect shown by the evidence was a hole about a foot wide and four inches deep, caused by a missing board. Verdict and judgment were for Lucy A. Merrill, plaintiff below and appellee here, for $2,000 damages.

Among the instructions asked at the trial by the appellant corporation and given by the court, were the following:

"3.    The court instructs the jury that while there is a duty placed upon the corporate authorities of a city to keep the streets and sidewalks of the latter in a reasonably safe condition, there is also the corresponding duty required of the plaintiff to use reasonable care in passing over such streets; that the one duty is as clearly required by law as the other, and if the jury believe from the evidence that at the time of the alleged injury the city authorities were not guilty of a want of

City of Sterling v. Merrill.

reasonable care in reference to the sidewalk in question, or that such authorities, under all the circumstances, gave a reasonable amount of attention to such walk, and kept the same in reasonably safe condition, or if the jury believe from the evidence that plaintiff, under the circumstances, failed to exercise reasonable care at such time and place, the jury will find the defendant not guilty."

"4. The court instructs the jury that, if they believe from the evidence that the plaintiff alone was in fault, or that the plaintiff and defendant were equally at fault, the former in not exercising ordinary care in passing over the sidewalk, the latter in not keeping its sidewalks in due repair, then the plaintiff can not recover in this case for the injuries complained of."

"7. The court instructs the jury that medical testimony is to be considered by the jury the same as the testimony of any other witness in this case; and if the jury believe, from all the evidence in the case, that the plaintiff was not injured by the fall on the sidewalk, or that her injuries were slight, or that the plaintiff has not in good faith tried to relieve herse'f of the disability attending or consequent upon the original injury, then they shall take these circumstances, if proven by the evidence, into consideration, with the other evidence in the case, in determining the extent of the original injury, and the damages to be awarded plaintiff, if any, for such injury."

And among the instructions which were submitted by appellant and refused by the court, were the following:

"A. The jury are further instructed that if they believe from the evidence that the plaintiff might, in the exercise of ordinary care and caution, have avoided the opening in the sidewalk, and that her omission so to do was the direct cause of the injury complained of, then she was guilty of such negligence as will prevent a recovery in this case."

"C. If the jury believe from the evidence that the sidewalk in question, where the plaintiff claims to have received her injury, was repaired and placed in good condition by the city within a reasonable time prior to this alleged accident, and if the jury believe from the evidence that said walk afterward

became out of repair without actual notice to the city, then the plaintiff can not recover."

"G. The court instructs the jury that if they shall believe from the evidence that the plaintiff, by the ordinary exercise of will on her part, could have used her arm for the ordinary purposes of life at or shortly after the injury complained of, and that she refused or neglected without cause so to do, then the disability or impairment of her arm since then resulting from such neglect and refusal, is not an element of damage for which recovery can be had. The law requires that a person injured should in good faith and in the exercise of all reasonable means, strive not to augment but to cure or mitigate a physical disability incurred."

Messrs. A. A. WOLFERSPERGER and J. E. McPHERRAN, for appellant.

Messrs. W. and W. D. BARGE, for appellee.

BAKER, J. The evidence sufficiently sustains the findings of the jury that the sidewalk was out of repair, that the city had constructive notice of the defect and was guilty of culpable negligence in not having it repaired, and that the injuries to appellee were caused by such defect at a time when she was passing over such sidewalk, and in the exercise of reasonable and ordinary care. The evidence at the trial was somewhat conflicting, but the conflicts in the testimony have been settled by the jury in favor of appellee. There is no just ground for holding the verdict was unauthorized and improper.

It is not here assigned as error that the damages are excessive; nor was it made a point in the written motion for a new trial, filed in the Circuit Court, that the damages assessed by the jury were excessive.

No complaint is made of any of the instructions given for appellee. From those given at the instance of appellant, it appears the jury was quite fully and liberally instructed in its behalf. It is claimed that it was error to refuse the instructions "A," "C" and "G," respectively. The first mentioned

is somewhat ambiguous, and seems to assume that if plaintiff might have avoided the opening in the sidewalk, then her omission to do so established the fact of a want of ordinary care and caution; but, waiving this and other criticisms that might be suggested in respect to its form, the legal principle upon which it is based is that the plaintiff was not entitled to recover compensation for the injuries received unless she was in the exercise of ordinary care at the time of her fall upon the sidewalk; in other words, that ordinary care on her part was a condition precedent to the right of action. The same doctrine was quite clearly given to the jury in instructions three and four. It was not error to refuse an instruction which was in substance a mere repetition of others that were given.

Instruction "C" was properly refused for the reason it ignored the duty of the city authorities to exercise reasonable care and diligence to ascertain and know the condition of its sidewalks. It imposed too heavy a burden of proof upon appellee, by requiring that the jury should find as a fact that the city had actual notice of the defect in the walk. Constructive notice to the city and its officials was sufficient. Even though the sidewalk in question might have been repaired and placed in good condition by the city within a year or six months, or one month, or even a shorter space of time, prior to appellee's fall, and even though the jury had found it would be unreasonable to require the city to overhaul and place in good repair its various sidewalks oftener than once in a year, or six months, or month, as the case may have been, yet, if, as matter of fact, this particular defect had existed for a week or ten days, and the jury believed from the evidence that by the exercise of reasonable care and diligence the municipal authorities could and would have ascertained the existence of such defect and have remedied it before the injury occurred, then the city would be legally liable. Besides this, there was no evidence upon which to base the instruction, as it did not appear from the testimony that the sidewalk on the east side of B Street was ever, prior to appellee's fall, repaired by the city. The rule announced

in refused instruction "G" is, that while the city would be responsible for injuries occasioned by its own negligence, yet it would not be liable for any aggravation of the injury caused by the subsequent negligence or misconduct of appellee. The only aggravation of injury by the latter, suggested either in the instruction or by the testimony, is increased impairment of the use of the arm caused by her failure to exercise it to the extent she could. It would have been well enough to have given this instruction, but as the legal principle contained in it, although expressed in different words, was given in the 7th instruction, we can not say that the action of the court in refusing it was erroneous.

The newly discovered evidence relied upon by appellant was merely cumulative, and was inconclusive in its character. The court, therefore, properly denied a new trial on that ground.

We find no error in the record, and the judgment is affirmed.

<em>Judgment affirmed.</em>